Richardson, J.
delivered the opinion of the Court.
The question is, whether the return of the grand jury, of “ no bill” againsl Jacob Fulmer, is prima facie sufficient evidence of the want of probable cause for the prosecution brought by John Harmon against the said Jacob Fulmer, so as to bring the present action before the jury, and save the plaintiff from a non-suit.
In the MSS. case of David Myers ads. John Slider and wife, the same evidence of “ no bill” by the grand jury, upon an indictment for perjury, was held by the presiding Judge to be prima, facie sufficient evidence of the want of probable cause; and the motion for a non-suit was overruled. And *580 upon a verdict being found for the plaintiffs, the case was carrje(j †0 the, then, Court of Appeals, upon that ground 'among others, to wit: 1. Because the warrant was not prov-ecp g. Because the plaintiffs did not shew a want of probable cause. 3. Because there was no evidence who was the prosecutor. 4. That on the plea in abatement, his Honor erred in instructing the jury, that the marriage between Platt and the plaintiff, Ann, was not sufficiently proved. 5. That the verdict finding the plaintiff to have been lawfully married, is contrary to law and evidence. 6. That the Verdict on the merits, is contrary to law and the evidence.
The decision in the Court of Appeals, in this case, has never been published. But it appears endorsed upon the report of the case, in' these words, to wit: “ This case presented a mixed question of law and facts, proper for the consideration of the jury, under the direction of the Court, and this Court do not feel authorized to interfere with the verdict. Motion refused.” Not a word more is said ; and it is difficult to perceive, in these terms, that the Court of Appeals decided the precise point, to wit: that the Circuit Judge was right in law, in deciding that the return of “ no bill” was sufficient proof of a want of probable cause for the prosecution, so as to bring the case before the jury.
That, was a question of law, for the Judge, exclusively.— And yet the Court of Appeals say, “ the case presented a mixed question of law and facts, proper for the consideration of the jury,” &c. and the appeal is dismissed; which would seem, to a common intent, to overrule all the grounds of the appeal. And yet there is not a word relating to the precise question, made in the present case — not a word that “ no bill” indicates want of probable cause. But in practice, perhaps, by all the Judges, such has been the construction.
How, then, are we to treat the decision now, that its uncertainty is manifest, but by considering the present question as still open ? This is the construction put upon it by the Court. We are obliged, therefore, to consider the question now made, de novo.
I here take the occasion to remark that I was, myself, the presiding Judge in the case of Slider and Myers ; and it so happens that I am now to review my own decision in that case. And I propose to shew that it was erroneous; and ought to have been overruled, as we now overrule the present Circuit decision, for the following reasons :
In order to maintain an action for a malicious prosecution, it must appear that the defendant had instituted the prosecution without any probable cause, and also through malice.— This is the law without dispute. The plaintiff must, therefore, of course, shew the state of facts that indicates malice; and also shew a want of probable cause; or he subjects his *581 action to a non-suit. So that the question for decision is, whether throwing out the bill by the grand jury — that is, t returning it “no bill,” indicates such a want of probable' cause. Throwing out the bill by the grand jury, is entirely at their discretion. They are by no means bound to find the bill, although probable cause exist, and is laid before them.
4 Taunt. 7.
Taunt. 187.
qE _ ^47.'L
It is not unfrequent that one grand jury ignores a bill, and another grand jury finds it “ true bill.” And although “ true bill” infers prima facie probable cause for the prosecution, yet “ no bill” does, by no means, indicate the converse; or that there is no probable cause. “ No bill” is a mere stop in the prosecution ; which may be again resumed, and proceeded in, even before the same grand jury.
It would, therefore, be highly dangerous to prosecutors, if throwing out of the bill were to be proof of the want of probable cause for the prosecution. It would not only be perilous to prosecutors, but such a consequence would introduce an influence to constrain or restrain the grand jury, in their high and necessary discretion, to find or not to find the bill as the public good or good policy points out. “ No bill” returned by the grand jury, is precisely like a nolle prosequi by the solicitor. It merely suspends the prosecution, but leaves it in expectancy. Let me illustrate this by adjudged cases.
In the case of Sinclair v. Eldred, the Court decided that, in an action for a malicious arrest, the plaintiff can recover no damages, unless malice be proved, of which the first action being non prossed, is not of itself evidence. In the case of Byne v. Moore, where, in an action for maliciously indict-5 ing for an assault, the plaintiff gave no other evidence than the bill returned “ not found,” and was thereupon non-suited, the Court refused to set aside the non-suit. In deciding this case, C. J. Mansfield says: “If this action could be maintained, every bill which the grand jury threw out, would be ground for an action.” And Chambers, J. says : “ It would be a very mischievous precedent, if the action could be supported on this evidence.” [See also 1 Camp. 203, 204, in note; Hammond’s N. P. 244, post 580 ; Burley v. Bethune, Yelv. 105, a note.] See also the well considered case of Williams v. Taylor. The Court say: “In an action for a malicious prosecution, the plaintiff is to give prima evidence of want of probable cause, which the defendant may rebut, if he can.” “ The plaintiff must take the first step ■, because it is not to be presumed that any one has acted illegally.” “ There must, therefore, be some evidence of want of probable cause, before the defendant can be called on to justify his conduct in prosecuting.”
Here we have the established rule of practice. But how *582 is it possible to transmute a mere suspension of the prosecution, by “ no bill,” which is a mere non pros. as in the first case quoted, into affirmative evidence that there was no probable cause 1
But again, want of probable cause is the legal foundation of an action for a malicious prosecution : inasmuch as the inference of malice may be presumed, from a total want of probable cause. It would follow, therefore, of course, that if “no bill” indicated want of probable cause, then, “no bill” might prove, by inference also, that there was malice. And thus, would be verified what has been said, if the decision in the case of Myers ads. Slider were really as has been supposed, to wit: that every prosecutor would go before the grand jury, in terror of a malicious prosecution, — that is, if the grand jury should see proper to suspend the prosecution, by returning “ no bill.”
If, then, such a decision had been truly made, this Court would be obliged to consider it as bad law, and to reverse it. These views are so convincing to my understanding, that I readily give up my former error; and would be happy if the. present Circuit Judge, who was led to follow it, would likewise be convinced.
Finally, let it be once more observed, that although the action for a malicious prosecution lies at law, on account of the malignity that someties induces prosecutions: yet, such actions are not to be encouraged. As to. the question, whether the Court ought to order a non-suit or a new trial, this Court is not to speculate upon the consequences of a rehearing. The jury must be left without the smallest, bias. We merely decide a strict law point, and no moxe, and leave the c.ase. But this Court deems it more just and proper to order a new trial, rather than a non-suit; because the Circuit Judge adjudicated upon the apparent decision in Myers and Slider ; and it is very possible that the plaintiff’s counsel arranged his evidence and. restricted it in virtue of the same decision. If so; it would be unfair to non-suit the plaintiff under such circumstances.
A new trial is, therefore, ordered, with the least possible prejudice to either party, or even alluding to the merits or demerits of the action. In all those respects, the jury are not to be biased pro or con.
Wardlaw. J — and Frost, J. — concurred.

New trial ordered.

Evans, J.
To say that the single fact that the grand jury returned “ no bill,” will of itself be evidence of both malice and the want of probable cause, would, I fear, greatly impede the course of justice, and be a great temptation to prosecutors to commit perjury. But if to that be added proof, *583 either direct or inferential, that the prosecution was influenced by sheer malice, and not by the honorable motive of punishing a real or supposed crime, that I think would be sufficient. And I will not undertake to say that proof of an unquestionably good character, which placed the accused high above suspicion of guilt-, would not, with the finding of the grand jury, be sufficient. There should be something in addition, and this I think is well supported by authority.
5 Taunt. 187.
In this case I agree with the majority of the Court, that there should be a new trial. What is probable cause, is, when the facts are ascertained, a question of law; and in this cake the evidence discloses so many suspicious facts, which are unexplained, that I think there should be another investigation before anqther jury.